UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Kevin Ronnell Lynch,<br><br>Defendant. | Case No. 22-cr-00356 (SRN/ECW)<br><br>**ORDER** |

Kevin Ronnell Lynch, Reg. No. 36430-510, Federal Correctional Institution – Gilmer, P.O. Box 6000, Glenville, WV 26351, Pro Se.

Craig R. Baune, Jordan L. Sing, and Katharine T. Buzicky, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Kevin Ronnell Lynch's pro se motions to vacate his sentence under 28 U.S.C. § 2255 [Docs. 42, 45], and various related motions [Docs. 43, 50, 53]. For the reasons below, the Court denies Mr. Lynch's § 2255 motions, denies an evidentiary hearing, denies a certificate of appealability, and denies as moot the related motions.

**I.   Background**

Mr. Lynch pleaded guilty to possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(e). (Doc. 1; Doc. 23 at 32:14.) In a plea agreement, and at his plea hearing, he admitted:

> On October 30, 2022, the Brooklyn Center Police Department located a vehicle that previously had fled from law enforcement. The vehicle had three occupants, with the defendant seated alone in the backseat. The law enforcement officers removed the driver from the vehicle. During a pat down search of the driver, the law enforcement officers observed the defendant moving around, ordered him to stop, and heard a heavy object drop. The defendant also was attempting to remove an athletic-style jacket he was wearing. The law enforcement officers proceeded to remove the defendant and other passenger from the vehicle. Law enforcement officers recovered a firearm from the athletic-style jacket the defendant had discarded prior to his removal from the vehicle. The recovered firearm was a loaded. Ruger model EC9 semiautomatic pistol bearing serial number 4593L449.

(Doc. 24 at 1–2; *see also* Doc. 60 at 27:10–31:13.) Mr. Lynch also admitted that he had been convicted of seven prior crimes, "each of which was punishable by imprisonment for a term exceeding one year and at least three of which were violent felonies committed on occasions different from one another." (Doc. 24 at 2–3; *see also* Doc. 60 at 30:6–21.) And he waived "the right to petition under 28 U.S.C. § 2255, except if such petition is based upon a claim of ineffective assistance of counsel or a retroactive change in law that makes the defendant's conviction or sentence illegal." (Doc. 24 at 8; *see also* Doc. 60 at 23:4–24:17.)

On February 2, 2023, the Court accepted his guilty plea, finding that it was voluntary, informed, and supported by the facts in the record. (Doc. 23 at 32:15–24.) Then, on June 8, 2023, the Court sentenced him to 180 months in prison and three years of supervised release. (Docs. 38–40.) Mr. Lynch did not appeal the judgment, so it became final on June 22. *See Clay v. United States*, 537 U.S. 522, 527–29 (2003) (judgment is

final upon conclusion of direct review or expiration of time for seeking such review); Fed. R. App. P. 4(b)(1) (defendant's notice of appeal must be filed within 14 days of entry of judgment or the order being appealed). Within a year, Mr. Lynch moved the Court to vacate his sentence under § 2255, claiming five grounds for relief. (Doc. 42.) And later, Mr. Lynch moved the Court to add two grounds, for a total of seven. (Doc. 45.)[1]

## II.  Analysis

A federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the ground that it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). When he does so, the court generally must "cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). But if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," these procedures are not required. *Id.*; *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) ("[A] claim may be dismissed without an evidentiary hearing if [it] is inadequate on its face . . . ."). When a prisoner petitions pro se, the court will construe the petition liberally. *See United States v. Sellner*, 773 F.3d 927, 931–32 (8th Cir. 2014). But the petitioner still bears the burden of proof on each ground for relief. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

---

[1] Though Mr. Lynch's supplemental motion was filed more than a year after the sentencing judgment became final (*compare* Doc. 39, *with* Doc. 45), the Government does not argue that grounds six and seven are untimely. (*See* Doc. 62 at 5.)

The Court finds that the motion and the record conclusively show that Mr. Lynch is entitled to no relief on any claim, so no evidentiary hearing is required.

### A. Claims Two and Five — § 922(g)(1)

The Court starts with claims two and five, which assert that § 922(g)(1) is unconstitutional. Mr. Lynch argues that "due to the unconstitutionality of 18 U.S.C. § 922(g), [he] is actually innocent of the offense" and "any enforcement of the statute prohibiting former felons from possessing a firearm interferes with his or her liberty interest." (Doc. 45 at 2, 17 (capitalization removed).)

These claims are waived. In his plea agreement, Mr. Lynch agreed to waive his right to petition under 28 U.S.C. § 2255 "except if such a petition is based upon a claim of ineffective assistance of counsel or a retroactive change in the law that makes the defendant's conviction or sentence illegal." (Doc. 24 at 8.) And at his plea hearing, Mr. Lynch affirmed that he understood this waiver and assented to it. (Doc. 60 at 23:4–24:17.) A defendant's waiver of his collateral appeal rights is enforceable unless it was unknowing or involuntarily, *DeRoo v. United States*, 223 F.3d 919, 923–24 (8th Cir. 2000), and the Court found at the plea hearing that Mr. Lynch's plea was knowing and voluntary. (Doc. 60 at 32:15–24.) Also, claims two and five do not make any allegations about his counsel's performance, and there has been no retroactive change in the law regarding § 922(g)(1). So they are not excepted from the waiver.

Moreover, both claims fail on the merits. The United States Court of Appeals for the Eighth Circuit has held that "[t]he longstanding prohibition on possession of firearms by felons is constitutional" and "there is no need for felony-by-felony determinations

- 4 -

regarding the constitutionality of § 922(g)(1) as applied to a particular defendant." *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024). Mr. Lynch points to cases in other circuits—many which have been vacated or reversed—that call into question the constitutionality of various paragraphs of § 922(g). (Doc. 42 at 5 (citing, among others, *Range v. Garland*, 69 F.4th 96 (3d Cir. 2023), vacated, 114 S. Ct. 2706 (2024); *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), rev'd, 123 F.4th 183 (5th Cir. 2024) (per curiam); *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023); *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), vacated, 108 F.4th 786 (9th Cir. 2024).) But no matter what courts in other circuits may hold, this Court is bound by Eighth Circuit precedent.

Mr. Lynch also cites two recent cases where the Eighth Circuit has remanded Second Amendment challenges to the district court for further fact finding. (Doc. 59 at 22–23.) But in both of those cases, the defendant was challenging the *drug-user*-in-possession statute, 18 U.S.C. § 922(g)(3), not the felon-in-possession statute, § 922(g)(1). *See United States v. Baxter*, 127 F.4th 1087, 1089 (8th Cir. 2025); *United States v. Cooper*, 127 F.4th 1092, 1094 (8th Cir. 2025). As the court pointed out in *Cooper*, "not every group targeted by a disarmament law is the same." 127 F.4th at 1097. A "categorical ban" for felons is constitutional, while courts must decide "case-by-case" the constitutionality of the ban for drug users. *Id.*

B.   **Claim Six — ACCA Enhancement**

For the same reason as claims two and five, Mr. Lynch's sixth claim is waived. And in any event, it fails on the merits. Mr. Lynch appears to argue that a jury needed to decide

- 5 -

the facts supporting an Armed Career Criminal Act (ACCA) enhancement to his sentence—specifically, that he had "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," 18 U.S.C. § 924(e)(1).  (Doc. 45 at 1.)  In support, he cites *Erlinger v. United States*, where the Supreme Court held that the Fifth and Sixth Amendments require a jury to decide whether the predicate offenses were committed on separate occasions.  602 U.S. 821, 825, 835 (2024).  But in *Erlinger*, the Court also made clear that this fact may be "freely admitted in a guilty plea."  *Id.* at 834 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  And Mr. Lynch did just that.  (Doc. 24 at 2–3; Doc. 60 at 30:16–21.)

      C.      **Ineffective Assistance of Counsel**

Mr. Lynch's four remaining claims are premised on ineffective assistance of counsel.  To obtain relief, Mr. Lynch must establish that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  This is a "heavy burden."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  He must overcome a "strong presumption" that his counsel's conduct fell within the "wide range of reasonable professional assistance" and show that counsel's errors were not the "result of reasonable professional judgment" but instead were "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  *Strickland*, 466 U.S. at 687, 689–90.  Then he must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

### 1. Claim One – Firearm Evidence

For ground one, Mr. Lynch argues that he "received ineffective assistance of counsel when counsel refused to file a motion to suppress the firearm as evidence." (Doc. 42 at 4 (capitalization removed).) According to Mr. Lynch, his attorney explained that "any motion to suppress, or any challenge to the officers['] warrantless search of the vehicle, would be an exercise in futility because he lacked 'standing'[ ] to challenge the warrantless search." (Doc. 42 at 10.)

His attorney was correct. "Generally, a mere passenger does not have standing to challenge a vehicle search where he has 'neither a property nor a possessory interest in the automobile.'" *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017) (citation omitted). Of course, Mr. Lynch could have challenged the traffic stop itself. *See, e.g., United States v. Guzman*, 454 F. App'x 531, 534 (8th Cir. 2012) (per curiam) ("[A] passenger is seized during a traffic stop and thus may challenge the stop itself." (citing *Brendlin v. California*, 551 U.S. 249, 255 (2007)). But this too would have been futile, as the police had probable cause to stop a "vehicle that previously had fled law enforcement." (Doc. 24 at 1; *see also* Doc. 60 at 28:3–8.) Counsel was not ineffective for failing to move to suppress the gun. *See Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) ("Counsel is not ineffective for failing to pursue a motion to suppress that he reasonably believes would be futile.").

Mr. Lynch also accuses his counsel of "falsely represent[ing] to [him] that, since testing of the firearm by government experts showed the presence of his DNA on the subject firearm, that he could not prevail at a jury trial." (Doc. 42 at 9–10.) He argues that

- 7 -

documents "show that neither his fingerprints, or DNA residue, were present on the firearm," and he "would not have entered a guilty [plea] to the offense" but-for his counsel's "false representation." (*Id.* at 10.) In this context, "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence," the prejudice determination "depend[s] on the likelihood that" the DNA evidence "would have led counsel to change his recommendation as to the plea." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This "assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*

The Court finds that counsel's recommendation would have been the same regardless of the DNA evidence. To the extent that Mr. Lynch argues that the evidence shows his DNA was *absent* from the firearm, he is incorrect. Rather, the lab report says that DNA swabs of the gun could not "be interpreted because they [did] not meet the [lab's] minimum interpretation criteria." (Doc. 70-1 at 13.) In other words, the lab results were inconclusive; there was not enough DNA on the gun to identify who had touched it. As such, further investigation by counsel would not have yielded exculpatory evidence. Counsel still likely would have predicted that a jury would convict Mr. Lynch, as a jury was likely to infer that he possessed the gun based on the testimony of the officer at the scene. Counsel's ultimate conclusion that Mr. Lynch was unlikely to prevail at trial was reasonable, and Mr. Lynch cannot show prejudice.

### 2.     Claim 3 – Constitutionality of § 922(g)

For ground three, Mr. Lynch argues that "defense counsel provided ineffective assistance by failing to seek dismissal of the offense based on [§ 922(g)'s]

unconstitutionality." (Doc. 42 at 13 (capitalization removed)).) But as explained above, the Eighth Circuit has held that § 922(g)(1) is constitutional. *See, e.g.*, *Cunningham*, 70 F.4th at 506; *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024). It was therefore reasonable for his counsel not to move to dismiss the indictment on that ground, and counsel's decision did not prejudice Mr. Lynch's defense because the motion would have failed. *Gundersen v. United States*, No. 24-1032, 2025 WL 251695, at *1 (8th Cir. Jan. 21, 2025) (per curiam); *see also Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) ("[F]ailure to advance a meritless argument cannot constitute ineffective assistance.").

        **3.**    **Claim 4 – ACCA Enhancement**

For ground four, Mr. Lynch argues that his counsel was ineffective for failing to challenge the ACCA enhancement discussed above. (Doc. 42 at 14.) He asserts that "[s]ome of [his] prior state convictions no longer qualify as violent type crimes, therefore, those convictions cannot be utilized to trigger the enhanced sentence." (*Id.*) He also argues that 18 U.S.C. § 922(g) "cannot trigger a higher statutory mandatory minimum" because it "is not a crime of violence." (*Id.* at 16 (citing *Alleyne v. United States*, 570 U.S. 99 (2013); *Duarte*, 101 F.4th 657).)

At least three of Mr. Lynch's various prior convictions qualify as "violent felon[ies]" under § 924(e)(1). *See United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018) (first degree aggravated robbery under Minnesota law); *United States v. Wadena*, 895 F.3d 1075, 1076 (8th Cir. 2018) (third degree assault); *United States v. Schaffer*, 818 F.3d 796 (8th Cir. 2016) (felony domestic assault). And it does not matter whether a § 922(g) offense itself is a

violent felony. Section 924(e) applies when a person "violates section 922(g) . . . *and* has three previous convictions" for violent felonies. 18 U.S.C. § 924(e)(1) (emphasis added). As such, it was reasonable for Mr. Lynch's counsel not to challenge the enhancement, and Mr. Lynch cannot show prejudice from his counsel's failure to do so.

### 4. Claim 7 – Forfeiture of Gun

Finally, for ground seven, Mr. Lynch argues that his counsel was ineffective for failing to challenge the forfeiture of the gun. He says that the gun was registered to someone else and was stolen, and he appears to argue that his counsel should have challenged the forfeiture on behalf of the gun's owner. (Doc. 45 at 2; Doc. 69 at 30.) This claim is not cognizable under § 2255. Whether the gun belongs to Mr. Lynch or someone else, Mr. Lynch cannot show that his counsel's failure to challenge its forfeiture had any effect on his sentence.

Mr. Lynch also appears to suggest that he could not have possessed a gun that was registered to someone else. (Doc. 69 at 31.) He is incorrect. Possession can be proven by control or dominion over the gun, regardless of ownership. *See, e.g.*, *United States v. Battle*, 774 F.,3d 504, 511 (8th Cir. 2014).

All told, the record conclusively shows that Mr. Dobbelaere is not entitled to relief on any of his seven claims, so the Court denies his motions without an evidentiary hearing.

## III. Certificate of Appealability

A § 2255 petitioner cannot appeal an adverse ruling on his petition unless a court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court may do so "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the substantive constitutional claim underlying a § 2255 petition has no merit, a court should not grant a certificate. *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

For the reasons above, the Court finds that Mr. Lynch has not made a substantial showing of the denial of any constitutional right. Each of his claims lack merit, so the Court will not grant a certificate of appealability on any of them.

IV. Order

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Lynch's Motion to Vacate Under 28 U.S.C. § 2255 [Doc. 42] is **DENIED**;

2. Mr. Lynch's Supplemental Motion Under 28 U.S.C. § 2255 [Doc. 45] is **DENIED**;

3. Mr. Lynch is **DENIED** an evidentiary hearing in connection with his § 2255 motions [Docs. 42 & 45];

4. Mr. Lynch is **DENIED** a Certificate of Appealability in connection with his § 2255 motions [Docs. 42 &45];

5. Mr. Lynch's Motion for Sentencing Transcript [Doc. 43] is **DENIED AS MOOT**;

6. Mr. Lynch's Motion to Authorize Payment of Fee For the Transcript of Sentencing Hearing [Doc. 50] is **DENIED AS MOOT**; and

- 12 -

7. Mr. Lynch's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 53] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 19, 2025                                /s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge